LODGED

1  GARY GARCIA
   KRISTINA GARCIA
2  23850 HOLLINGSWORTH DR.          2014 JUL -1  PM 4:09
3  MURRIETTA, CA 92562         CLERK U.S. DISTRICT COURT
   EMAIL: XRSNTV @ g CENTRAL DIST OF CALIF 951-389-6639
                              RIVERSIDE
4  PLAINTIFFS PRO SE                    Cell 951-375-1916
                              BY:
5

6

7
              UNITED STATES DISTRICT COURT
8
          FOR THE CENTRAL DISTRICT OF CALIFORNIA
9
              EDCV14-01343
10                                )  CASE NO.:
   GARY M. GARCIA, an individual, and    )
11 KRISTINA GARCIA, an individual,       )  COMPLAINT FOR DAMAGES,
                                  )  RESTITUTION, AND INJUNCTIVE
12             Plaintiffs,        )  RELIEF
                                  )
13        vs.                     )  1)  Fair Debt Collection Practices Act
14                                )  2)  Violation of Rosenthal Fair Debt
   OCWEN LOAN SERVICES, LLC, a foreign   )  3)  California Credit Reporting Agency
15 limited liability company, and DOES 1 -100,  )      Act
   inclusive,                     )  4)  Intentional Infliction of Emotional
16                                )      Distress
17                                )  5)  Injunctive Relief
                                  )
18                                )  JURY TRIAL DEMANDED
                                  )
19                                )
20 _____)

21

22

23

24

25

26

27

28



1    COMES NOW Plaintiffs, GARY GARCIA and KRISTINA GARCIA and for their

2    Complaint against Defendant OCWEN LOAN SERVICING, LLC and complain and allege as

3    follows:

## I. THE PARTIES

4

5        1.      Plaintiffs Gary Garcia ("Gary") and Plaintiff Kristina Garcia ("Kristina") are

6    individuals, and at all relevant times residents of the county of Riverside.

7        2.      Plaintiffs are the sole owners of the residential real property commonly known as

8    23850 Hollingsworth Dr., Murrieta, California 92562 (hereinafter, "Subject Property").

9        3.      Plaintiffs are informed and believes, and thereon alleges that Defendant OCWEN

10   Loan Servicing, LLC (hereinafter "OCWEN"), is a foreign limited liability company organized

11   under the laws of the State of Delaware with its principal office in the State of Florida and at all

12   relevant times, was doing business in Riverside County, and the State of California.

13       4.      Defendant DOES 1-100 are sued by their fictitious names pursuant to C.C.P. §

14   494. Their true names and capacities are unknown to Plaintiffs.

15       5.      Plaintiffs believe that each fictitiously named Defendant DOE 1-100 is a person or

16   entity who participated in, assisted, advised, was retained by, or counseled by one of the other

17   Defendant's herein in connection with the acts alleged herein of which Plaintiffs complain. Said

18   fictitiously named Defendants' were agents, servants, employees, alter egos, superiors, successors

19   in interest, joint ventures and/or co-conspirators of each of their co-defendants' and in doing the

20   things herein after mentioned, or acting within the course and scope of their authority of such

21   agents, servants employees, alter egos, superiors, successors in interest, joint ventures and/or co-

22   conspirators with the permission and consent of their co-defendants', and consequently, each

23   Defendant named herein, and those Defendants' named herein as DOES 1 through 100, inclusive,

24   are jointly and severally liable to Plaintiffs for the damages and harm sustained as a result of their

25   wrongful conduct.

26       6.      Plaintiffs herein name as Defendants' DOES 1-100 in this action all unknown

27   persons claiming: a) any legal or equitable right, title, estate, lien, or interest in the Subject

28

1   Property described in the complaint adverse to Plaintiff's title; or b) any cloud on Plaintiffs title to

2   the Subject Property. The claims of each unknown Defendant and fictitiously named Defendant

3   are without any right, and these Defendants have no right, title, estate, lien, or interest in the

4   Subject Property. Plaintiffs seek by way of this complaint to extinguish and eliminate each and

5   every claim of right by fictitiously named DOES 1-100.

6                                   II. JURISDICTION AND VENUE

7          7.      Subject-matter jurisdiction for this Court exists: pursuant to 28 U.S.C. Section

8   1331, because this is an action brought by a consumer for violations of the Fair Debt Collection

9   Practices Act (hereinafter "FDCPA") (any reference to the FDCPA or any party thereof

10  encompasses all relevant parts and subparts thereto) 15 U.S.C. § 1692 et seq.

11         8.      This Court has personal jurisdiction over Defendant because they specifically

12  engaged in conduct injurious to Plaintiffs who were located in the county of Riverside,

13  California, and Defendant did this with the full knowledge that Plaintiffs were and are in the

14  state of California and county of Riverside, California and that their actions would have an

15  effect in the county of Riverside, California, and that their actions would cause injury to

16  Plaintiffs in the state of California.

17         9.      Plaintiffs are residents of Riverside county, California. Plaintiffs home which is

18  the subject of this litigation, is in Riverside county, California, and Defendant regularly conduct

19  business in this district. Each Defendant is, upon information and belief, operates in California

20  and routinely does business in county of Riverside, California.

21         10.     Venue is proper in the United States District Court for the District of California

22  pursuant to U.S.C. Section 1391. Venue lies in the unofficial Central Division of this Court.

23                                      III. INTRODUCTION

24         11.     Plaintiffs are proceeding, pro se in this case. Therefore, this Court must construe

25  this claim liberally and hold it to a less stringent standard than the Court would apply to a

26  pleading drafted by a lawyer. See, *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006).

27

28

1      (a)    In *Picking*, the plaintiff's civil rights were 150 pages long and described

2 by a Federal Judge as "inept." The Court held that where a plaintiff pleads pro-se in a suit for

3 protection of civil rights, the court should endeavor to construe plaintiff's pleading without

4 regard to technicalities. *Picking v. Pennsylvania Railway*, (151 F2d. 240) (N.J. is in 3r Cir.),

5 Third Circuit Court of Appeals.

6      (b)    In *Walter Process Equipment v. Food Machinery*, 382 U.S. 172 (1965) it

7 was held that in a "motion to dismiss, the material allegations of the complaint are taken as

8 admitted." From this vantage point, courts are reluctant to dismiss complaints unless it appears

9 the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

10 (See, *Conley vs. Gibson*, 355 U.S. 41 (1957).

11    12.    Moreover, Plaintiffs claim that statements of counsel in motions, briefs or in oral

12 arguments are not facts before this Court. (See, *Trinsey v Pagliaro*, 229 F. Supp. 647).

13    13.    Plaintiffs in this action are victims of unlawful acts perpetrated by Defendant, in

14 efforts to unlawfully foreclose on Plaintiff's property. In doing so, Defendant has made

15 numerous violation of the FDCPA, Rosenthal Fair Debt Collection Practices Act ("RFDCPA")

16 Cal. Civ. § 1788, and the California Credit Reporting Agency Act ("CCRAA").

17 IV. DEFINITIONS

18    14.    Under the FDCPA 15 U.S.C. § 1692a(4)  the term "creditor" means any person

19 who offers or extends credit creating a debt or to whom a debt is owed, but such term does not

20 include any person to the extent that he receives an assignment or transfer of a debt in default

21 solely for the purpose of facilitating collection of such debt for another.

22    15.    Under the FDCPA 15 U.S.C. § 1692a(5)  the term "debt" means any obligation

23 or alleged obligation of a consumer to pay money arising out of a transaction in which the

24 money, property, insurance or services which are the subject of the transaction are primarily for

25 personal, family, or household purposes, whether or not such obligation has been reduced to

26 judgment.

27    16.    Under the FDCPA 15 U.S.C. § 1692a(6) the term "debt collector" means any

28 person who uses any instrumentality of interstate commerce or the mails in any business the

1    principal purpose of which is the collection of any debts, or who regularly collects or attempts to

2    collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

3        17.    Under the FDCPA 15 U.S.C. § 1692e - A debt collector may not use any false,

4    deceptive, or misleading representation or means in connection with the collection of any debt.

5        18.    Under the FDCPA 15 U.S.C. § 1692f - A debt collector may not use unfair or

6    unconscionable means to collect or attempt to collect any debt.

7        19.    Under the FDCPA 15 U.S.C. § 1692i - (a) Any debt collector who brings any

8    legal action on a debt against any consumer shall -- (1) in the case of an action to enforce an

9    interest in real property securing the consumer's obligation, bring such action only in a judicial

10   district or similar legal entity in which such real property is located.

## V. FACTUAL BACKGROUND

12       20.    Plaintiffs have received a number of dunning letters requesting that money be

13   paid. A dunning notice is a collection letter sent to a defaulting debtor demanding payment.

14   Plaintiff, having recently becoming aware that Defendant may not be who they claim to be, sent

15   a letter of validation on May 22, 2014 (<u>Exhibit A</u>).

16       21.    On October 10, 2011, OCWEN MORTGAGE, LLC, issued a 1099-C to Kristina

17   in the amount of $555,150.21. So, even if Defendant was able to prove that they had the right to

18   foreclose (which they have not proved), how would they still be able to foreclose as this would

19   be unjust enrichment (<u>Exhibit B</u>). Now they would be double dipping in that they have written

20   this off their records by sending Kristina a 1099-C and foreclosing on the property.

## VI. GENERAL ALLEGATIONS

22   Plaintiffs are informed and believes and therefore alleges that:

23       22.    This alleged debt was acquired by Defendant after it was in default, according to

24   FDCPA 15 USC 1692a(6), if a debt is acquired while in default the entity that acquires it is

25   considered to be a "debt collector." This statute makes no exception regarding the method of

26   acquisition of the debt, so therefore it would not matter if the alleged debt was acquired by or

27   through a successor in interest, of if they were able to provide a copy of the purchase assumption

28   agreement which specifically lists the alleged debt .

1    23.    Plaintiffs in this action are victims of unlawful acts perpetrated by Defendant, in

2  efforts to unlawfully foreclose on Plaintiffs property.  According to the FDCPA, the only method

3  of foreclosure that a debt collector can avail themselves to would be a judicial foreclosure, and

4  even if Defendant was to prevail the judgment could only be for monetary compensation, 15 USC

5  1692i (which OCWEN has already availed themselves to by presenting Kristina with a 1099-C on

6  May 18, 2011, not possession of real property 15 USC 1692i (<u>Exhibit C</u>). In taking the actions

7  Defendant has  taken by illegally foreclosing on Plaintiff's real property through use of non-

8  judicial foreclosure, Defendant has made numerous violations of the FDCPA, Rosenthal Fair

9  Debt Collection Practices Act ("RFDCPA") Cal. Civ. Code § 1788.

10    24.    Defendant is engaged in the collection of debts from consumers using the mail and

11  telephone.  Defendant regularly attempts to collect debts alleged to be due to another. Under the

12  FDCPA 15 U.S.C. § 1692a(6) the term "debt collector" means any person who uses any

13  instrumentality of interstate commerce or the mails in any business the principal purpose of which

14  is the collection of any debts, or who regularly collects or attempts to collect, directly or

15  indirectly, debts owed or due or asserted to be owed or due another. Defendant here is a debt

16  collector under the FDCPA. Defendant is NOT a creditor or a lender.

17    25.    In addition, where a loan servicer becomes the loan servicer after the borrower is in

18  default, the loan servicer is a "debt collector" and becomes obligated to comply with the FDCPA

19  in all respects. See *Santoro v. CTC Foreclosure Serv. Corp.*, 12 F. App'x. 476, 480 (9th Cir.

20  2001); *Kee v. R-G Crown Bank*, 656 F. Supp. 2d 1348, 1354 (D. Utah 2009) (determining 'that a

21  loan servicer . ... is only a 'debt collector' within the meaning of the FDCPA if it acquires the loan

22  after it is in default'). See also *Alibrandri v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82 (2d Cir.

23  2003) (holding that a debt was in "default" and a service provider was a "debt collector," by

24  virtue of the service providers collection letter declaring the debt in default and informing the

25  debtor that the service provide was, in fact, a debt collector). Here, Defendant obtained the loan

26  after it was in default.

26.     Federal courts have held that WFB must comply with the FDCPA. A Federal District Court within the Ninth Circuit Court of Appeals (whose jurisdiction includes federal courts in California) has held that Wells Fargo Bank, N.A. may be a debt collector required to comply with the FDCPA. *Williams v. Wells Fargo Bank, N.A., Et al.*, 2012 U.S. Dist. LEXIS 2871 (W.D. WA, January 12, 2012).

27.     In *Williams*, the consumers alleged Wells Fargo was in violation of federal debt collection laws by failing to provide verification of the alleged debt. 15 U.S.C. §1692, et seq. In their motion to have the lawsuit thrown out, Wells Fargo did not claim that the bank had provided verification of the debt to the consumers. Instead, the bank asserted two reasons the case should be dismissed. First, WFB argued it was not a debt collector under the FDCPA. The bank argued that the FDCPA only applies to "parties collecting the debt of another," 15 U.S.C. § 1692(a)(6), and that "creditors, mortgagors and mortgage servicing companies are not 'debt collectors' and are exempt from liability under the [FDCPA]." *Id.* (citing *Caballero v. OCWEN Loan Servicing*, 2009 U.S. Dist. LEXIS 45213, 2009 WL 1528128, at *1 (N.D. Cal. 2009) and *Glover v. Fremont Inv. and Loan*, 2009 U.S. Dist. LEXIS 117890, 2009 WL 6114001, at *8 (N.D. Cal. 2009)). Simply put, Wells Fargo argued that because it was collecting its own debts it was exempt from FDCPA liability. Second, Wells Fargo claimed that the FDCPA does not apply in a non-judicial foreclosure proceeding. Basically, the bank argued that when there is a typical foreclosure on a deed of trust, (where there is no lawsuit filed by the bank), the bank is not attempting to collect money, and thus they are not really attempting to collect a debt. In this case, Defendant did not and has not verified the debt after Plaintiffs have asked a numerous amount of times.

28.     The federal court disagreed with Wells Fargo on both grounds. The court reasoned the term "debt collector" applies to those who acquired the debt when it was already in default. See *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003). The Court noted that Wells Fargo admitted the debt had already been in default for one year when the deed of trust was assigned to Wells Fargo, and thus Wells Fargo met the definition of a debt collector under the FDCPA. Next, the Court ruled on the issue of whether foreclosing on property could be

considered an attempt to collect a debt, and it stated: "Although the Court is aware of district court cases that have held that the act of foreclosing on property is not "debt collection" under the FDCPA, this Court has not adopted such a per se holding and it will not do so here. See *Albers v. Nationstar Mortg. LLC*, 2011 U.S. Dist. LEXIS 182, 2011 WL 43584, at *2 (E.D.Wash. Jan. 3, 2011) (citing cases). Nothing in the statute compels the Court to create an exception to the definition of "debt collector," as Wells Fargo proposes, where a party is non-judicially enforcing on a security instrument rather than pursuing debt collection through more traditional means. To the contrary, courts have reasoned that as long as a defendant meets the statutory definition of debt collector, "they can be covered by all sections of the Act . . .regardless of whether they also enforce security interests." *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 378 (4th Cir. 2006) (referring to § 1692f(6) as an inclusive provision); see also *Kaltenbach v. Richards*, 464 F.3d 524, 528-29 (5th Cir. 2005) (noting that "the entire FDCPA can apply to a party whose principal business is enforcing security interests but who nevertheless fits § 1692a(6)'s general definition of debt collector").

29.      Furthermore, Plaintiffs are "consumers" as that term is defined in 15 USC§1692a(3), and CA Code 1788.2(c), since the alleged debt here deals with the purchase of a home, which means it's a debt incurred for personal family purposes.

30.      In addition, where a loan servicer becomes the loan servicer after the borrower is in default, the loan servicer is a "debt collector" and becomes obligated to comply with the FDCPA in all respects. *See Santoro v. CTC Foreclosure Serv. Corp.*, 12 F. App'x. 476, 480 (9th Cir. 2001); *Kee v. R-G Crown Bank*, 656 F. Supp.2d 1348, 1354 (D. Utah 2009) (determining 'that a loan servicer . . . is only a 'debt collector' within the meaning of the FDCPA if it acquires the loan after it is in default'). *See also Alibrandri v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82 (2d Cir. 2003) (holding that a debt was in "default" and a service provider was a "debt collector," by virtue of the service providers collection letter declaring the debt in default and informing the debtor that the service provider was, in fact, a debt collector).

31.     Furthermore, Plaintiffs are "consumer" as that term is defined in 15 USC§1692a(3), and CA Code 1788.2(c), since the alleged debt here deals with the purchase of a home, which means it's a debt incurred for personal family purposes.

32.     Plaintiffs do not have a contract with Defendant. Therefore, Defendant has no standing.

33.     That collection of any alleged debt after having been written off or charged off would be a case of unjust enrichment, and/or fraud on the consumer and/or fraud on the court.

34.     To the best of Plaintiffs knowledge and belief, Defendant has used the mails of the United States to attempt to collect from Plaintiffs an alleged debt purportedly previously owed to an "original creditor," other than Defendants, which has purportedly been "charged off."

35.     Defendant has violated FDCPA, 15 U.S.C. §1692e, because it made and/or employed false, deceptive and misleading representations and/or means in connection with the instant cause of action. Said false, deceptive and misleading representations were and have been made and are being made to credit reporting bureaus and others as more specifically set out hereafter. Some or all of said false, deceptive and misleading representations were knowingly and intentionally made by Defendant.

36.     Defendant has violated the FDCPA, 15 U.S.C. §1692d because it has engaged in conduct of which the natural consequence of which is to harass, oppress, or abuse Plaintiffs in connection with the alleged attempt to collect on this debt and foreclosure of Plaintiffs property. Defendant knowingly and intentionally engaged in harassing, oppressive, and/or abusive conduct toward Plaintiff. Defendant knew or should have known that the natural consequences of said conduct would be to harass, oppress, or abuse Plaintiffs.

37.     Plaintiffs, here were deceived, and Defendant misrepresented themselves implying they were entitled to act as a Creditor, and have foreclosed on the Subject Property even though at no time did Defendants have any proof that Plaintiffs owed them any alleged debt.

38.     Defendant has violated the FDCPA, and is liable to Plaintiffs for statutory, actual, and punitive damages thereon, attorneys' fees, and costs. Said violations include, but are not limited to violations of 15 U.S.C. §1692e, et seq. and 15 U.S.C. §1692d, et seq.

39.     Defendant has knowingly, intentionally, deliberately, and fraudulently misrepresented, and/ or mislead what Plaintiffs legal status, character, and/or amount of the alleged debt was in violation of 15 U.S.C. §1692e(2), and in violation of U.S.C.15 §1692e(10).

40.     By attempting to collect on this alleged debt and having already foreclosed on Plaintiffs property, Defendant falsely, knowingly, deliberately, fraudulently, and intentionally misrepresented to Plaintiffs and all other persons having or acquiring knowledge of the actions of Defendant against Plaintiffs, including credit reporting bureaus, and persons or entities Plaintiffs might seek to obtain credit from, present or future potential employers of Plaintiffs, and other persons and entities that it has the legal right to pursue this account in this Court. Defendant's actions all constitute violations of the FDCPA and the Fair Business Practices Act.

41.     Defendant has not verified or produced: any accounting or financial records, necessary to prove the breakdown of the purported "total" amount alleged to be owed, with respect to its components, such as principal, interest, late fees, over limit fees, etc. or their current license in the state of California to act as a debt collector.

## VII. FIRST CLAIM FOR RELIEF

### FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 *ET SEQ.*

42.  Plaintiffs incorporate the allegations in all preceding paragraphs as if fully set forth herein.

43.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

44.     Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3)

45.     Defendant has violated the FDCPA in connection with its attempts to collect an account against Plaintiffs. Defendant's violations include, but are not limited to, 15 U.S.C. § 1692d, 1692e, 1692e(2)(A), 1695e(5), 1692e(8), 1692e(10),1692g 1692i.

46.     Defendant engaged in conduct of which the natural consequence of which is to harass, oppress, or abuse Plaintiffs in connection with the collection of a debt; and b. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt; supported by the unauthenticated assignment; e. Otherwise violated the FDCPA.

47.     Further, there is no specific amount of value indicated on this assignment; even if Defendant were to be able to provide an authenticated Power of Attorney. (Plaintiffs want to reserve the right to petition the Notary's log for authentication and validation.) An accounting that is signed and dated by the person responsible for the account has not been produced. Claim of damages, to be admissible as evidence, must incorporate records such as a general ledger and accounting of the alleged debt, the person responsible for preparing and maintaining the account general ledger must provide a complete accounting which must be sworn to and dated by the person who maintained the ledger. See *Pacific Concrete F.C.U. V. Kauanoe*, 62 Haw. 334, 614 P.2d 936 (1980), *GE Capital Hawaii, Inc. v. Yonenaka* 25 P.3d 807, 96 Hawaii 32, (Hawaii App 2001), *Fooks v. Norwich Housing Authority* 28 Conn. L. Rptr. 371, (Conn. Super.2000), and *Town of Brookfield v. Candlewood Shores Estates, Inc.* 513 A.2d 1218, 201 Conn.1 (1986).

48.     Non-judicial foreclosure, attempting to seize property is a violation of FDCPA 15 USC 1692i.

49.     Failure to Validate alleged debt as required by 15 USC 1692g.

50.     Plaintiffs allege that Defendant routinely ignored, and through their actions continued to violate FDCPA rules to enhance their own profits.

51.     Defendant's conduct was negligent or willful or both, rendering it liable for attempting to collect fees, interest, and expenses from Plaintiffs that are not authorized by any agreement or permitted by law, in violation of 1692 f (1).

52.     Defendant's conduct was negligent or willful or both, rendering it liable for failing to cease collection of an alleged debt, and not providing proper validation of the alleged debt to Plaintiffs, 1692 g (b).

53.     As a result of the foregoing violations, Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $2,000 per Plaintiff, pursuant to 15 U.S.C. §1692(k) a 1.

54.     As a result of the foregoing violations, Defendant is liable for actual damages ,including general damages and special damages in an amount to be proven at trial, but not less than $1,000 per Plaintiff, pursuant to 15 U.S.C. § 1692(k) a 2 a.

55.     As a result of the foregoing violations, Defendant is liable for costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k) a 3.

56.     As a result of the foregoing violations, Defendant should be enjoined from employing any of the unlawful conduct, methods, acts, or practices under the FDCPA alleged herein or proven at trial.

57.     An actual controversy has arisen and now exists between Plaintiffs and Defendant concerning their respective rights and duties under the FDCPA. A judicial declaration pursuant to Code of Civ. Procedure 1060 that Defendant's actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

58.     Based on the allegations above and further set forth herein, Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Defendant by, without limitation; Continuing to pursue collection of disputed and unverified debt; foreclosing on Plaintiffs property and selling it; forcing Defendant to defend against an invalid action, and further, and in addition thereto, knew or should have known that it has engaged in such conduct, and the said consequences thereof.

59.     Upon information and belief, Defendant has communicated credit information to persons, including but not limited to credit reporting bureaus or agencies, with respect to Plaintiffs, which it knew or should have known to be false - including without limitation allegations that Plaintiffs owed the purported debt which is the subject of this action, and/or that Plaintiffs owe said debt to Defendants and/or that Defendants are the original creditor of said alleged debt.

60.     Upon information and belief, Defendant, is in violation of 15 U.S.C. §1692e(8), because Defendant failed to communicate to Plaintiffs, other persons and entities, including credit bureaus, and persons yet to be determined, that Plaintiffs had disputed the alleged debt.

61.     An actual controversy has arisen and now exists between Plaintiffs and Defendant concerning their respective rights and duties under the FDCPA. A judicial declaration pursuant to Code of Civ. Procedure 1060 that Defendant's actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

62.     By falsely representing that Defendant is either an assignee of an original creditor, and/or that said assignment constitutes a proper, competent, or valid assignment between Defendant and the original creditor of any alleged debt by any alleged original creditor to Defendant, and/or that Defendant is the original creditor, Defendant has made material, false and misleading representations, and has further communicated to Plaintiffs and other persons credit information which is known or which should be known to be false, including the above, the failure to communicate that a disputed debt is disputed, the "re-aging" of said debt, the false and misleading representation and impression that Defendant is the original creditor of said debt, and other material false and misleading representations, and has violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(8), §1692e(2)(A), § 1692e(5), § 1692e(10) and § 1692f. Defendant either knew or should have known all of the above.

63.     Under the FDCPA 15 U.S.C. § 1692f - A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt; (6) Taking or threatening to take any non-judicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest. In *Armacost v. HSBC Bank USA*, No. 10-CV0274-EJL-LMb, 2011 WL 825151 (D. Idaho Feb. 9, 2011) the plaintiff generally alleged violations of 15 U.S.C. § 1692f and argued that defendant did not have standing to foreclose on the deed of trust. Defendant here also does not have standing to foreclose. The court first noted that the definition of "debt collection" found in 15 U.S.C. § 1692a(6) included the following sentence: "For the purpose of section 1692f(6) of

1  this title, [a debt collector] also includes the principal purpose of which is the enforcement of

2  security interests." *Id.* It then explained that 15 U.S.C. § 1692f(6) prohibits a debt collector from

3  "taking or threatening to take any non-judicial action to effect dispossession or disablement of

4  property if (A) there is no present right to possession of the property claimed as collateral through

5  an enforceable security interest." Id. at n.5 (quoting 15 U.S.C. §1692f(6). The case stated, "if

6  'debt collection' generally included the enforcement of a security interest, the language specifying

7  so for the purposes of §1692f(6) would be surplus, and such a construction would violate a 'long

8  standing canon of statutory construction that terms in a statute should not be construed so as to

9  render any provision of that statute meaningless or superfluous." *Id.* (quoting *Beck v. Prupis*, 529

10 U.S. 494, 506 (2000)) (footnote omitted). The court thus concluded that while "a non-judicial

11 foreclosure action generally does not constitute a 'debt collection activity' under the FDCPA," an

12 exception to this rule existed for claims under 15 U.S.C. § 1602f(6) *Id.*

13      64.   The FDCPA, §1692k, provides for actual damages, statutory damages up to one-

14 thousand dollars ($1,000.00) per violation, costs of the action, and reasonable attorneys' fees.

15 Defendant has suffered actual damages as the proximate and actual cause and result of the

16 violations of the FDCPA by Defendants to be determined at trial. Defendant is liable to Plaintiffs

17 for statutory damages as prescribed by §1692k(a)(2)(A), actual damages pursuant to § 1692k(a)(1)

18 in an amount to be determined at time of trial, and reasonable attorneys' fees and costs pursuant to

19 §1692k(a)(3).

20      65.   Courts will carefully scrutinize non-judicial foreclosures and set them aside if the

21 borrower's rights have been violated. *Stirton v. Pastor* (1960) 2 Cal. Rptr. 135, 177 Cal. App. 2d

22 232.

23      66.   Plaintiffs hereby prays for actual damages under the FDCPA, and for statutory

24 damages as set forth above for each and every violation of the FDCPA proven at the trial of this

25 case, and reasonable attorneys' fees and costs thereunder.

26

27

28

## VIII. SECOND CLAIM FOR RELIEF

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### (Cal. Civ. Code § 1788, et seq.)

67.     Plaintiffs incorporate the allegations in all preceding paragraphs as if fully set forth herein.

68.     Plaintiffs are consumes as set forth above and the alleged debt owed is a consumer debt pursuant to the RFDCPA.

69.     Defendant is a debt collector in the business of collecting debts.

70.     Defendant is engaged in unfair collection practices in violation of the RFDCPA by, inter alia:

A.     Defendants proceeded to attempt to collect a debt that was not owed, using abusive tactics, including repeatedly contacting Plaintiffs through the mail.

B.     Defendants demanded payment for an invalid debt.

C.     By communicating and disclosing to credit bureaus Plaintiffs information without Plaintiff's consent, and having the credit bureau's issue negative marks against Plaintiffs.

D.     Defendants who are debt collectors have been communicating with Plaintiff and trying to pass themselves off as creditors.

71.     Defendant violated the RFDCPA, through their violations of 15 U.S.C. §§ 1692 (e) and (f) of the FDCPA, by making false or misleading representations in their unfair attempts to collect an alleged debt from Plaintiffs.

72.     Defendant's violations of the RFDCPA were intentional and/or malicious.

73.     As a result of Defendants violations of the RFDCPA by Defendant's, Plaintiffs are entitled to actual and statutory damages, attorney's fees and costs under California Civil Code § 1788.30, and such other relief as the court determines.

## IX. THIRD CLAIM FOR RELIEF

## CALIFORNIA CONSUMER CREDIT REPORTING AGENCY

74.     Plaintiffs incorporate the allegations in all preceding paragraphs as if fully set forth herein.

75.     Under the California Consumer Credit Reporting Agency ("CCCRA") Cal. Civ. Code §1785.25(a) provides that the furnisher "shall not" furnish credit information to "any credit reporting agency if the person [furnisher] knows or should know the information is incomplete or inaccurate." Likewise, if a furnisher determines any previously reported information is incomplete or inaccurate, it must update and correct that information so that it is "complete and accurate." Cal. Civ. Code §1785.25(b). So long as a consumer continues to dispute the credit history or information, the furnisher must note or flag the existence of this dispute anytime it furnishes credit information about that consumer. Cal. Civ. Code §1785.25(c).

76.     Additionally, the CCRAA was amended to require that if a furnisher of information receives a notice of dispute made pursuant to Cal. Civ. Code § 1785.16(a), it then owes a duty to (1) "review relevant information" submitted to it; (2) "complete an investigation with respect to the disputed information" it provided; and (3) to "report to the consumer credit reporting agency the results of that investigation" within 30–business days. Cal. Civ. Code § 1785.25(f).

## X. FOURTH CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

77.     Plaintiffs incorporate the allegations in all preceding paragraphs as if fully set forth herein.

78.     Defendant's acts and/or omissions were done intentionally and/or with gross indifference to Plaintiffs rights.

79.     Plaintiffs emotional distress includes, but is not limited to, extreme humiliation, anxiety and a loss of sleep. As a result of the Defendant's conduct, Plaintiffs have suffered compensatory, general, and special damages in an amount according to proof. Additionally,

1    Defendant acted with malice, fraud and/or oppression, by attempting to take Plaintiffs property

2    through foreclosure when they have no legal right to do so, and thus, Plaintiffs are entitled to an

3    award of punitive damages.

4                              ## XI. SIXTH CAUSE OF ACTION

5                                      ### INJUNCTIVE RELIEF

6         80.    Plaintiffs incorporate by reference as through fully set forth herein, each and every

7    allegation above set forth in this complaint.

8         81.    At all times herein relevant, Defendant, has wrongfully and unlawfully threatened:

9    Plaintiff's quiet enjoyment and use of its real property.

10        82.    Defendant's threatened conduct, unless and until enjoined and restrained by this

11   Court will cause great and irreparable injury to Plaintiffs in that it Plaintiffs will be deprived of

12   the quiet use and enjoyment of its real property.

13        83.    Not only will Defendant's threatened conduct cause great and irreparable harm to

14   Plaintiffs unless and until enjoined, that same threatened conduct will cause great and irreparable

15   harm to Plaintiff's family.

16        84.    Plaintiffs have no adequate remedy at law for the injuries that will result from the

17   threatened conduct of Defendant's in that it will be impossible for Plaintiffs to calculate the

18   precise amount of damages it will suffer if Defendant's conduct is not enjoined and restrained.

19        85.    In this case, the irreparable harm that Plaintiffs will suffer is obvious and

20   enormous. Plaintiffs will lose their real property and will be evicted from their home. Plaintiffs

21   will incur the costs and emotional distress of losing his property and repairing his further

22   damaged credit history. Undeniably, Plaintiffs will suffer severe damages.

23                                      ## CONCLUSION

24        Here, Defendant does not have standing or the enforceable right to take possession of

25   Plaintiffs Property, because of the failure to comply with strict statutory, legal contractual duties.

26   Said action has resulted in the wrongful foreclosure of the Property. Being that Defendant is a

27   debt collector the only remedy they are entitled to would have been a judicial foreclosure.

28

1  However, knowing that they would not have been able to prove standing or the proper

2  documentation they foreclosed on the property through nonjudicial foreclosure and thereby

3  violated countless sections of the FDCPA.

4      Further, Plaintiffs are concerned that Defendant OCWEN and Does 1 -100, unless

5  restrained, will attempt to remove Plaintiffs from the possession of the Subject Property by an

6  unlawful detainer action that has been filed in state court. Defendant OCWEN and Does 1 –

7  100, are knowledgeable that they have already reported a 1099-C, and that any possession of the

8  subject property with the intent to sell would be unjust enrichment, and that any such action

9  would cause irreparable harm to the Plaintiffs, as well as cause monetary compensation which

10  will not afford adequate relief because Plaintiffs Property is unique.

11      Thereby, Plaintiffs respectfully request that a temporary restraining order is necessary to

12  ensure that Plaintiffs and their family are not displaced before the court has had an opportunity

13  to hear, and adjudicate the case as to its merits, and whether or not it can proceed to a hearing in

14  front of a jury.

15  ## REQUEST FOR RELIEF

16  WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

17      1.    For Equitable relief, including an Order for Defendant to rescind all Notices of

18  Default against Plaintiff's account and to engage in reasonable efforts to restore Plaintiff's credit

19  to its previous standing, by entering a statement which says, "Paid as Agreed";

20      2.    For a temporary and preliminary injunction enjoining Defendant transferring the

21  Subject Property of or from taking any action to evict Plaintiff from her home during the

22  pendency of this action;

23      3.    That the Court issue a declaration that the Defendant be required to release the

24  lien on the Subject Property and return property title back to Plaintiff;

25      4.    That the Court Order judgment quieting title to Plaintiff as the owner of the

26  Subject Property and that all Defendants have no title, right to the estate, lien or interest in the

27  property;

28

5.      That the Court enter a judgment declaring Defendant's actions and practices complained of herein to be unlawful, unfair, and fraudulent;

6.      For injunctive relief against Defendants to prevent future wrongful conduct;

7.      That Plaintiff recover costs, and reasonable attorney fees, if incurred;

8.      That Defendant be required to specifically prove all allegations in this action;

9.      For general damages and special damages in an amount to be proven at trial, but not less than $2,000 per Plaintiff, pursuant to 15 U.S.C. 1692(k) a 1;

10.     For actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $1,000 per cross-complainant, pursuant to 15 USC 1692(k) a 2 a;

11.     For costs and reasonable attorney's fees pursuant to 15 USC 1692(k) a 3.

12.     For a judicial declaration pursuant to Code of Civ. Procedure 1060 that Defendants actions violated the FDCPA;

13.     For punitive damages;

14.     And for such other and further relief as the Court may deem just, equitable and proper.

Dated: June 27, 2014


_____
Gary Garia – Plaintiff in Po Se

_____
Kristina Garcia – Plaintiff in Pro Se

1

2

<u>DEMAND FOR JURY TRIAL</u>

3

Plaintiff hereby demands a trial by jury of each and every claim so triable.

4

5

Dated: June 27, 2014

6

Gary Garcia – Plaintiff in Pro Se

7

8

Kristina Garcia – Plaintiff in Pro Se

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>VERIFICATION</u>

2         I am the plaintiff in the above-entitled action.  I have read the foregoing complaint and

3    know the contents thereof.  The same is true of my own knowledge, except as to those matters

4    which are therein stated on information and belief, and as to those matters, I believe it to be true.

     I declare under penalty of perjury under the laws of the State of California that the

5    foregoing is true and correct.

6

7    Dated:  June 27, 2014

8

9

10                               Gary Garcia – Plaintiff in Pro Se

11                            Kristina Garcia – Plaintiff in Pro Se

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

The undersigned plaintiffs hereby certifies that on June 27, 2014, a true and correct copy of COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF was personally filed with the Clerk of the Court. The undersigned further certifies that a copy of this Motion will be served on the parties in said action, by placing a true copy thereof in a sealed envelope with postage thereon fully prepared in the United States addressed as follows:

OCWEN LOAN SERVICING, LLC
C/O CSC – Lawyers Incorporate Services, Agent
10 Universal City Plaza
Universal City, CA. 91608

Gary Garcia – Plaintiff in Pro Se

Kristina Garcia – Plaintiff in Pro Se

# EXHIBIT A

# BUTLER, PHELPS, KAUFMAN&

### ASSOCIATES

848 N. Rainbow Blvd., Ste. A49
Las Vegas, NV  89107
888-250-6713 – Office
888-250-5074 – Fax

*May 22, 2014*

*Gary M. Garcia*                        *DELIVERED BY FAX – 800-766-4622*
*Kristina Garcua*                                          *866-501-1610*
*23850 Hollingsworth Dr.*                              *866-709-4744*
*Murrietta, CA  92562*

*OCWEN Loan Servicing, LLC*
*P.O. Box 780*
*Waterloo, IA  50704-0780*

*Re: Account Number - 706372430*

Legal Department,

I am sending this letter to you in response to a notice I recently received from. Be advised, this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b) that your claim is **DISPUTED** and validation is requested.

This is NOT a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Title and Section. I respectfully request that your office provide me with competent evidence that I have any legal obligation to pay you.

Please provide me with the following:

•What the money you say is owed and what is it for;
•Explain and show how you calculated what you say is owed;
•Provide copies of any documentation that shows there was some sort of agreement between your company (OCWEN), and our client (Jessy Samuel) to pay you what you say is  owe;
•Provide a verification or copy of any judgment you have receive against Ms. Samuel if applicable;
•Identify the original creditor;
•Provide a copy of your license proving that you are authorized as a Debt Collector in the state of Georgia; and
•Provide me with your license numbers and Registered Agent.
• Have there been any insurance claims, tax credits and/or any other type of payment

24

received by the original lender from anyone in any format that would pay down this
alleged obligation or paid it in its entirety.
•Has there been any type of payment obtained for the purpose of settling this alleged
debt?

In addition, your papers attached hereto are REFUSED, DENIED, AND RETURNED
FOR FRAUD.  **For an enforceable debt claim; to be lawful all parties must consent
to contract.**  The above named individual(s) has/have never consented to contract with
your company.  In addition, evidence of debt alone does not make your company one
which is entitled to collect.  If your presumption is you've obtained explicit or implied
consent, you have now been put on notice that any subrogation has now been rebutted
and any presumption of consent is hereby VOID for fraud.

Further, the Fair Debt Collections Practices Act does not give you the authority to force
me to consent to contract with you.  **Show me your lawful authority to enforce an
alleged debt claim against me to my detriment without my consent.**

<u>You are also in violation of the Fair Debt Collection Practices Act by use of misleading
representation and unfair and deceptive practices in the attempted collection of a debt.</u>

If you cannot substantively answer within 15 days and either prove your authority or
prove specific contractual obligation between you and me, then cease and desist and
immediately remove any derogatory reporting to the credit bureaus.  Further, as an act
of good faith provide me with written confirmation this matter has been resolved (with all
rights reserved and without recourse), and any negative reporting to the credit bureaus
has ceased.

If your offices have reported invalidated information to any of the three major Credit
Bureau's (Equifax, Experian or TransUnion), said action might constitute fraud under
both Federal and State Laws. Due to this fact, if any negative mark is found on any of
my credit reports by your company or the company that you represent I will not hesitate
in bringing legal action against you for the following:

•Violation of the Fair Credit Reporting Act
•Violation of the Fair Debt Collection Practices Act
•Defamation of Character

Also during this validation period, if any action is taken which could be considered
detrimental to any of my credit reports, I will consult with my legal counsel. This includes
any information to a credit reporting repository that could be inaccurate or invalidated or
verifying an account as accurate when in fact there is no provided proof that it is.

Be advised that this letter is my/our **formal dispute in this matter as well as our
formal request for the information requested**; which will provide me/us clarity as to
whom you claim to be.

Debt Validation Request Letter

**Your claim is now in dispute**, and we expect you to act in good faith, and in accordance with the Fair Debt Collection Practices Act (which governs third-party debt collectors like yourself), and Fair Debt Credit Reporting Act, and postpone, cancel, and/or suspending any and all schedules foreclosing proceedings on the property until this discrepancy is resolved with all rights reserved and without recourse. According to the Fair Debt Collection Practices Act (FDCPA) you are in violation of 15 USC 1692(e) § 807(5).

Please help me to understand, how my not making payments on the alleged debt injured you **OCWEN LOAN SERVICING, LLC,** when you are not a party to the alleged contract?

This is an attempt to validate the alleged/purported debt and to correct records, and any information obtained will be used for that purpose.

Your failure to respond, as stipulated, is your tacit agreement with, and admission to the fact that everything in this letter, and any previous correspondence is true, correct, legal, lawful, and is your irrevocable agreement attesting to this, fully binding upon you, in any court in America, without your protest or objection or that of those who represent you, or those whom you claim to represent.

Should any infringement of **Otha T. Wade** guaranteed and secured rights and authorities occur on your part or by any party with whom you claim any affiliation with or who claims to have affiliation with you, [he/she/the] will scrutinize said infringements, and any injury therefrom pursuant to USC Title 42§ 1983 and Title 18 § 241-242 at a minimum, and will proceed accordingly.

Your failure to abide by the laws of Fair Debt Collection Practices Act, and the Fair Debt Reporting Act, Consumer Rights, and suspending all sales, as well as discontinuing all negative reporting to the homeowners credit report will be interpreted as your deliberate, and willful intent to continue to deprive the homeowner of peaceful enjoyment of his property, which violates his constitutionally protected rights, authorities and all aspects of due process of law.

If your office has reported invalid information to one or all of the three major credit bureaus (Equifax, Experian, or TransUnion, this action might constitute fraud under both Federal and state laws. If negative reporting is found on any of my credit reports by your company or the company which you claim to represent, I will bring legal action against you pursuant to the Fair Credit Reporting Act, and any other law which you are in violation of.

Please be advised if you are the trustee, attorney acting on behalf of the debt collector regarding this alleged debt, and move forward with a sale regardless of your receipt of this notification, you will be held liable to the fullest extent of the law.

2.6

I would also like to request, in writing, that no telephone contact be made by your offices to my home or to my place of employment. If your offices attempt telephone communication with me, including but not limited to computer generated calls or correspondence sent to any third parties, it will be considered harassment and I will have no choice but to file suit. All future communications with me MUST be done in writing and sent to the address noted in this letter.

I would also like to use this letter as a warning to you and your company that I may, and likely will, use devices to track and/or record any further, future attempts by you or your company to contact me by phone. Please understand, all future phone calls made by or from your company, whether answered or unanswered, may be tracked and recorded. I may also use this information, if needed, to help prosecute you and your company to the fullest extent of the law.

Thank you for your prompt attention, understanding, and cooperation regarding this matter.

Should you ignore this letter and continue your collection efforts I will have no other choice but to forward a copy of this request to my local Congress person forward your fraudulent papers to the Federal Trade Commission, Attorney General, and the Postal Inspection Service for further scrutiny.

You should be aware that sending unsubstantiated demands for payment through the United States Mail System might constitute mail fraud under the federal and state law. You may wish to consult with a competent legal advisor before your next communication with me.

Thank you for your understanding, cooperation, and prompt attention to this matter. Please understand as this is being faxed to you. The fifteen day time clock begins immediately.

If you are not the correct individual to deal with this you have a fiduciary responsibility to ensure that this is delivered to the proper individual or department immediately for resolution.

This is an attempt to correct your records, any information obtained shall be used for that purpose.

cc:  Federal Trade Commission                    Kamala Harris, California Attorney General
     600 Pennsylvania Avenue NW                   P.O. Box 944255
     Washington, DC 20580                         Sacramento, CA  94244-2550

     Government National Mortgage Association
     451 Seventh Street, SW
     Washington, DC 20410

EXHIBIT B

LENDER'S name, street address, city, state, ZIP code, and telephone no.

OCWEN
P.O. BOX 24737
WEST PALM BEACH, FL 33416-4737
1-800-746-2936

[ ] CORRECTED (if checked)

OMB No. 1545-0877

**2011**

Substitute
Form 1099-A

**Acquisition or Abandonment of Secured Property**

**Copy B
For Borrower**

| | |
|---|---|
| 1 Date of lender's acquisition or knowledge of abandonment 05/18/2011 | 2 Balance of principal outstanding $ 555,150.21 |
| 3 | 4 Fair market value of property $ 379,900.00 |

BORROWER'S name, street address (including apt. no.), city, state, and ZIP code

KRISTINA GARCIA
4001 ROYAL SUMMIT CIRCLE
CORONA CA  92881-4719

5  If checked, the borrower was personally liable for repayment of the debt. . . . . ▶ [X]

6  Description of property

23850 HOLLINGSWORTH DRIVE
MURRIETA, CA 92562

This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported.

| LENDER'S federal identification number 01-0681100 | BORROWER'S identification number 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 |
|---|---|

Account number (see instructions)
1008967521-706372430

Substitute Form **1099-A**          (keep for your records)          Department of the Treasury - Internal Revenue Service

## Instructions for Borrower

Certain lenders who acquire an interest in property that was security for a loan or who have reason to know that such property has been abandoned must provide you with this statement. You may have reportable income or loss because of such acquisition or abandonment. Gain or loss from an acquisition generally is measured by the difference between your adjusted basis in the property and the amount of your debt canceled in exchange for the property, or, if greater, the sale proceeds. If you abandoned the property, you may have income from the discharge of indebtedness in the amount of the unpaid balance of your canceled debt. You also may have a loss from abandonment up to the adjusted basis of the property at the time of abandonment. Losses on acquisitions or abandonments of property held for personal use are not deductible. See Pub. 4681 for information about foreclosures and abandonments.

Property means any real property (such as a personal residence); any intangible property; and tangible personal property that is held for investment or used in a trade or business.

If you borrowed money on this property with someone else, each of you should receive this statement.

**Account number.** May show an account or other unique number the lender assigned to distinguish your account.

**Box 1.** For a lender's acquisition of property that was security for a loan, the date shown is generally the earlier of the date title was transferred to the lender or the date possession and the burdens and benefits of ownership were transferred to the lender. This may be the date of a foreclosure or execution sale or the date your right of redemption or objection expired. For an abandonment, the date shown is the date on which the lender first knew or had reason to know that the property was abandoned or the date of a foreclosure, execution, or similar sale.

**Box 2.** Shows the debt (principal only) owed to the lender on the loan when the interest in the property was acquired by the lender or on the date the lender first knew or had reason to know that the property was abandoned.

**Box 4.** Shows the fair market value of the property. If the amount in box 4 is less than the amount in box 2, and your debt is canceled, you may have cancellation of debt income. If the property was your main home, see Pub. 523 to figure any taxable gain or ordinary income.

**Box 5.** Shows whether you were personally liable for repayment of the debt when the debt was created or, if modified, when it was last modified.

**Box 6.** Shows the description of the property acquired by the lender or abandoned by you. If "CCC" is shown, the form indicates the amount of any Commodity Credit Corporation loan outstanding when you forfeited your commodity.



*28*

# EXHIBIT C

29

| | | |
|---|---|---|
| LENDER'S name, street address, city, state, ZIP code, and telephone no.<br><br>OCWEN<br>P.O. BOX 24737<br>WEST PALM BEACH, FL 33416-4737<br>1-800-746-2936 | ☐ CORRECTED (if checked)<br><br>OMB No. 1545-0877<br><br>**2011**<br><br>Substitute<br>Form 1099-A | **Acquisition or Abandonment of Secured Property** |

| 1 Date of lender's acquisition or knowledge of abandonment 05/18/2011 | 2 Balance of principal outstanding $ 555,150.21 | **Copy B** **For Borrower** |
|---|---|---|
| 3 | 4 Fair market value of property $ 379,900.00 | This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported. |
| BORROWER'S name, street address (including apt. no.), city, state, and ZIP code<br><br>KRISTINA GARCIA<br>4001 ROYAL SUMMIT CIRCLE<br>CORONA CA  92881-4719 | 5 If checked, the borrower was personally liable for repayment of the debt . . . . . ▶ ☒ | |
| | 6 Description of property<br><br>23850 HOLLINGSWORTH DRIVE<br>MURRIETA, CA 92562 | |

| LENDER'S federal identification number 01-0681100 | BORROWER'S identification number 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 |
|---|---|
| Account number (see instructions) 1008967521-706372430 | |

Substitute Form **1099-A**                              (keep for your records)                    Department of the Treasury - Internal Revenue Service

## Instructions for Borrower

Certain lenders who acquire an interest in property that was security for a loan or who have reason to know that such property has been abandoned must provide you with this statement. You may have reportable income or loss because of such acquisition or abandonment. Gain or loss from an acquisition generally is measured by the difference between your adjusted basis in the property and the amount of your debt canceled in exchange for the property, or, if greater, the sale proceeds. If you abandoned the property, you may have income from the discharge of indebtedness in the amount of the unpaid balance of your canceled debt. You also may have a loss from abandonment up to the adjusted basis of the property at the time of abandonment. Losses on acquisitions or abandonments of property held for personal use are not deductible. See Pub. 4681 for information about foreclosures and abandonments.

Property means any real property (such as a personal residence); any intangible property; and tangible personal property that is held for investment or used in a trade or business.

If you borrowed money on this property with someone else, each of you should receive this statement.

**Account number.** May show an account or other unique number the lender assigned to distinguish your account.

**Box 1.** For a lender's acquisition of property that was security for a loan, the date shown is generally the earlier of the date title was transferred to the lender or the date possession and the burdens and benefits of ownership were transferred to the lender. This may be the date of a foreclosure or execution sale or the date your right of redemption or objection expired. For an abandonment, the date shown is the date on which the lender first knew or had reason to know that the property was abandoned or the date of a foreclosure, execution, or similar sale.

**Box 2.** Shows the debt (principal only) owed to the lender on the loan when the interest in the property was acquired by the lender or on the date the lender first knew or had reason to know that the property was abandoned.

**Box 4.** Shows the fair market value of the property. If the amount in box 4 is less than the amount in box 2, and your debt is canceled, you may have cancellation of debt income. If the property was your main home, see Pub. 523 to figure any taxable gain or ordinary income.

**Box 5.** Shows whether you were personally liable for repayment of the debt when the debt was created or, if modified, when it was last modified.

**Box 6.** Shows the description of the property acquired by the lender or abandoned by you. If "CCC" is shown, the form indicates the amount of any Commodity Credit Corporation loan outstanding when you forfeited your commodity.





1    GARY GARCIA
KRISTINA GARCIA
2    23850 HOLLINGSWORTH DR.
MURRIETTA, CA 92562
3

4    Plaintiff in Pro Se

5

6

7                   UNITED STATES DISTRICT COURT

8            FOR THE CENTRAL DISTRICT OF CALIFORNIA

9

10    GARY GARCIA, *an individual*        )    Case No.:
                Plaintiff,         )
11                           )    SWORN DENIAL OF ALLEGED DEBT
         vs.                  )    WITH OCWEN LOAN SERVICING,
12                           )    LLC.
   OCWEN LOAN SERVICES, LLC, a foreign   )
13    limited liability company, and DOES 1 – 100 )
   inclusive                       )
14            Defendant.        )
                          )
15                           )
                          )
16    _____ )

17    STATE OF: CALIFORNIA

18
   COUNTY OF: Riverside
19

20    I GARY GARCIA, deny this my debt, and if it is my debt, I deny that it is still a valid debt,
   and if it is a valid debt, I deny the amount sued for is the correct amount.
21

22    Date: July 1, 2014

23    GARY GARCIA_____
   Printed Name                           Signature
24

25

                         1   31

1  STATE OF: CALIFORNIA

2  COUNTY OF: _Riverside_

3  Subscribed and sworn to (or affirmed) before me on this 1st day of July , 2014,

4  by Gary Garcia , proved to me on the basis of satisfactory evidence to be the
   person(s) who appeared before me.

5

6                                                          (SEAL HERE)

7  _____
   Notary Signature

8
                                    TERESA M. RIVERA
                                    Comm. #1961372
9                                   Notary Public-California
                                    Riverside County
                                    My Commission Expires
10                                  November 21, 2015

11           CERTIFICATE OF SERVICE

12

13

14  The undersigned attorney hereby certifies that on ~~June~~ July 1 , 2014, a true and correct copy

15  of SWORN DENIAL OF DEBT TO OCWEN LOAN SERVICING, LLC was personally

16  filed with the Clerk of the Court. The undersigned further certifies that a copy of this

17  document will be served on the parties in said action, by placing a true copy thereof in a

18  sealed envelope with postage thereon fully prepared in the United States addressed as

19  follows:

20

21  OCWEN LOAN SERVICING, LLC
    C/O CSC – Lawyers Incorporate Services, Agent
22  10 Universal City Plaza
    Universal City, CA.  91608

23

24

25                                                _____
                                                       GARY GARCIA

                            2   32

                SWORN DENIAL OF ALLEGED DEBT

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| GARY M GARCIA and Kristina Garcia 23860 Hollingsworth D Murrieta, CA 92562 | OCWEN LOAN SERVICES LLC 1675 PALM BEACH LAKES BLVD WEST PALM BEACH, FL |

| (b) County of Residence of First Listed Plaintiff  Riverside | County of Residence of First Listed Defendant  Palm Beach County |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |

| (c) Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. | Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. |
|---|---|
| | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☐ No  ☐ **MONEY DEMANDED IN COMPLAINT:** $ 750,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1692, 15 USC 1681, ROSENTHAL ACT, VIOLATION OF CONSUMER Protection LAWS

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: EDCV14 01343 |
|---|---|

CV-71 (06/14)  CIVIL COVER SHEET  Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☑ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☑ No | | ☐ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☑ No | | ☐ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☑ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☑ | ☐ | ☐ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☐ Yes  ☑ No | ☑ Yes  ☐ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. ➡ | If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

**QUESTION E: Initial Division?**   |   INITIAL DIVISION IN CACD

Enter the initial division determined by Question A, B, C, or D above: ➡   *Eastern*

**QUESTION F: Northern Counties?**

Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties?   ☐ Yes  ☑ No

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?          ☒ NO          ☐ YES

     If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any cases previously filed **in this court**?          ☒ NO          ☐ YES

     If yes, list case number(s): _____

Civil cases are related when they:

    ☐ A. Arise from the same or closely related transactions, happening, or event;

    ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

    ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

    Check all boxes that apply. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____          DATE: 7/1/2014

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S)
OR OF PARTY APPEARING IN PRO PER

GARY M. GARCIA, an INDIVIDUAL
23850 Hollingsworth Dr.
Murrieta, CA 92562
(951) 375-1916
email: XRSNTV @ gmail.Com

LODGED

2014 JUL -1  PM 4:08

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
RIVERSIDE

BY: ___

ATTORNEY(S) FOR:

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

GARY M. GARCIA, an INDIVIDUAL
and Kristina Garcia, an INDIVIDUAL
                                          Plaintiff(s)

v.

OCWEN LOAN SERVICES, LLC
a Foreign Limited Liability Company,
and DOES 1 - 100, inclusive
                                          Defendant(s)

CASE NUMBER:

**ED CV14 - 01343**

CERTIFICATION AND NOTICE
OF INTERESTED PARTIES
(Local Rule 7.1-1)

TO:      THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for
or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in
the outcome of this case.  These representations are made to enable the Court to evaluate possible disqualification
or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

PARTY                          CONNECTION / INTEREST

___

Date   7/1/2014

Signature

Attorney of record for (or name of party appearing in pro per):

___

CV-30 (05/13)                          NOTICE OF INTERESTED PARTIES

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

GARY M. GARCIA, an Individual
and KRISTINA GARCIA, an
Individual,

)
)
)
)
)
)
)
)
)
)
)
)

_____
*Plaintiff(s)*

v.

OCWEN LOAN SERVICING, LLC

a Foreign Limited Liability Company,
and DOES 1-100, INCLUSIVE

_____
*Defendant(s)*

Civil Action No.

EDCV14-01343

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  OCWEN LOAN SERVING, LLC
C/O CSC - LAWYERS INCORPORATED SERVICE, AGENT
10 UNIVERSAL CITY PLAZA
UNIVERSAL CITY, CA.  91608


    A lawsuit has been filed against you.

    Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  GARY GARCIA
                            KRISTINA GARCIA
                            23850 HOLLINGSWORTH DR.
                            MURRIETA, CA.  92562


    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


                                        *CLERK OF COURT*


Date: _____            _____
                                            *Signature of Clerk or Deputy Clerk*